UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAHER WAAD, an individual,
MARKS ONE CAR RENTAL, a
Michigan corporation, MARKS ONE
COLLISION, a Michigan corporation,

    Plaintiffs,

vs.                                                                                           Case No. 16-13362

FARMERS INSURANCE EXCHANGE,                                    HON. AVERN COHN
ALLEN KELLER, in his individual and
official capacity, SERGEANT DAN WILLIS,
in his individual and official capacity, DETECTIVE
DAVE KRISS, in his individual and official capacity,
LIEUTENANT MARK OERMAN, in his individual
and official capacity, DANA GOLDBERG, in her
official and individual capacity, THE COUNTY
OF MACOMB, a municipality, and THE MACOMB
COUNTY SHERIFF'S DEPARTMENT,
jointly and severally,

    Defendants.

_____/

## ORDER DISMISSING DEFENDANTS FARMERS INSURANCE EXCHANGE AND ALLEN KELLER

I.

This is essentially a civil rights case. Plaintiffs Maher Waad, an individual, Marks One Car Rental, and Marks One Collision, two companies owned by Waad, are suing multiple individuals and entities, as follows:

    Farmers Insurance Exchange (Farmers)

    Allen Keller - an employee of Farmers

    Sergeant Dan Willis - a Warren police officer

    Detective Dave Kriss- Macomb County Deputy Sheriff

>Lieutenant Mark Oerman - Macomb County Deputy Sheriff
>
>Dana Goldberg - Macomb County prosecutor
>
>Macomb County
>
>Macomb County Sheriff's Department[1]

Following dismissal of the state law claims, see Doc. 27, the following claims are at issue:

>Count I - Federal Claim Violation of the Fourth and Fourteenth Amendment - False Arrest, False Imprisonment and Unreasonable Search and Seizure (as to all defendants)
>
>Count II - Federal Claim Violation of Fourth and Fourteenth Amendments Malicious Prosecution (as to all defendants)
>
>Count III - Federal Claim, 42 U.S.C. § 1983 Monell Claim (against Macomb county entities)

## II.

Farmers and its employee are private actors.  "To prevail on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States." Waters v. City of Morristown, 242 F.3d 353, 358–59 (6th Cir.2001) (citation omitted).  In Lugar v. Edmondson Oil Co., the Supreme Court held that "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible."  457 U.S. 922, 937 (1982).

Moreover, "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." Tahfs v. Proctor, 316 F.3d

---

[1]As indicated at the status conference on November 10, 2016, plaintiffs will likely stipulate to the dismissal of the Macomb County Sheriff's Department as it is not a separate juridical body that is subject to suit.  See e.g. Rhodes v McDannel, 945 F.2d 117, 120 (6th Cir. 2002).

584, 590 (6th Cir.2003) (quoting, in part, Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)). However, "[i]f a private party has conspired with state officials to violate constitutional rights, then that party qualifies as a state actor and may be held liable pursuant to § 1983...." Cooper v. Parrish, 203 F.3d 937, 952 n. 2 (6th Cir. 2000). "A private actor acts under color of state law when its conduct is 'fairly attributable to the state.' " See Romanski v. Detroit Entm't, L.L .C., 428 F.3d 629, 636 (6th Cir. 2005) (citation omitted).

Based on a review of the complaint, and for the reasons stated on the record at the hearing on January 25, 2017, plaintiffs have not plead plausible claims against Farmers or Allen Keller under § 1983. Accordingly, plaintiffs' claims against them under counts I and II are DISMISSED. See Fed. R. Civ. P. 12(b)(6). Farmers and Allen Keller are no longer defendants in the case.

In light of this determination, Farmers' pending motion to disqualify plaintiffs' counsel (Doc. 10) is MOOT.

Plaintiffs, within 10 days of the date of this order, shall file responses to Dana Goldberg's motion to dismiss (Doc. 13) and Dan Willis and Mark Oerman's motion to dismiss official capacity claims only (Doc. 19).

SO ORDERED.

                                                S/Avern Cohn
                                                AVERN COHN
                                                UNITED STATES DISTRICT JUDGE

Dated: February 1, 2017
      Detroit, Michigan