UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MAHER WAAD, an individual,
MARKS ONE CAR RENTAL, a
Michigan corporation, MARKS ONE
COLLISION, a Michigan corporation,

      Plaintiffs,

vs.                                                                          Case No. 16-13362

SERGEANT DAN WILLIS, in his individual capacity,                  HON. AVERN COHN
DETECTIVE DAVE KRISS, in his individual and
official capacity, LIEUTENANT MARK OERMAN,
in his individual capacity, DANA GOLDBERG, in her
official and individual capacity, THE COUNTY
OF MACOMB, a municipality, jointly and severally,

      Defendants.

_____/

## MEMORANDUM AND ORDER GRANTING DEFENDANT DANA GOLDBERG'S MOTION TO DISMISS (Doc. 14)[1]

I.

This is essentially a civil rights case.  Plaintiffs Maher Waad, an individual, Marks

One Car Rental, and Marks One Collision, two companies owned by Waad, sued

multiple individuals and entities, as follows: (1) Farmers Insurance Exchange, (2) Allen

Keller - an employee of Farmers, (3) Sergeant Dan Willis - a Warren police officer, (4)

Detective Dave Kriss- a Macomb County Deputy Sheriff, (5) Lieutenant Mark Oerman -

a Macomb County Deputy Sheriff, (6) Dana Goldberg - a Macomb County prosecutor,

(7) Macomb County, (8) Macomb County Sheriff's Department, and (9) Michigan Auto

---

[1]Upon review of the parties' papers, the Court deems this matter appropriate for
decision without oral argument.  See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Theft Authority. Following various stipulations, see Docs. 32, 33, 34 the remaining defendants are: (1) Willis, in his individual capacity, (2) Kriss, in his official and individual capacity, (3) Oerman, in his individual capacity, (4) Goldberg, and (5) Macomb County. Upon the dismissal of plaintiffs' state law claims, see Doc. 27, the following claims are at issue:

> Count I - Federal Claim Violation of the Fourth and Fourteenth Amendment - False Arrest, False Imprisonment and Unreasonable Search and Seizure
>
> Count II - Federal Claim Violation of Fourth and Fourteenth Amendments Malicious Prosecution
>
> Count III - Federal Claim, 42 U.S.C. § 1983 Monell Claim (against Macomb county)

Before the Court is Goldberg's motion to dismiss on the grounds of prosecutorial immunity. For the reasons that follow, the motion will be granted.

II.

Under Rule 12(b)(6) a complaint must be dismissed if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). The plausibility standard demands more than a "sheer possibility that a defendant has acted unlawfully." Id. Rather, for a claim to be facially plausible, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. Rule 12(b)(6) motion tests the sufficiency of a plaintiff's pleading. Fed. R. Civ. P. 12(b)(6). The Court need not accept as true "legal conclusions or unwarranted factual inferences." In Re Packaged Ice Antitrust Litig., 723 F. Supp. 2d 987, 1002 (E.D. Mich. 2010) (quoting Directv, Inc. v. Treesh, 487 F.3d 471,

2

476 (6th Cir. 2007)).

III.

The Supreme Court has held that prosecutors have absolute immunity from damages for both initiating and prosecuting a case, including presentation of the state's case at trial.  Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in prosecuting them in court.  Skinner v. Govorchin, 463 F.3d 518, 525 (6th Cir. 2006).  Without the protection of absolute immunity, prosecutors could not properly perform this duty if every decision carried the potential consequences of personal liability in a suit for damages. Id. Prosecutors, therefore, are granted absolute immunity when the challenged actions are those of an advocate, or in connection with duties required to function a prosecutor.  Spurlock v. Thompson, 330 F.3d 791, 798 (6th Cir. 2003).

The Sixth Circuit has further recognized that immunity is granted to prosecutors "pursuing a civil action" when they are "functioning in an enforcement role and acting as advocates for the state,"  Cooper v. Parrish, 203 F.3d 937, 947 (6th Cir. 2000).

Since Imbler, the courts have taken a functional approach and have concluded that a prosecutor is protected in connection with his duties in functioning as a prosecutor.  Id. (quoting Higgason v Stephens, 288 F.3d 868, 877 (6th Cir. 2002)).  The "critical inquiry is how closely related is the prosecutor's challenged activity to his role as an advocate intimately associated with the judicial phase of the criminal process." Holloway v Brush, 220 F.3d 767, 775 (6th Cir. 2000) (en banc).  Immunity is granted not only for actions directly related to initiating a prosecution and presenting the State's case, but also to activities undertaken "in connection with [the] duties in functioning as a

3

prosecutor." Id. at 431; Higgason, supra at 877. Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate engaged in activities that are "an integral part of the judicial process." Spurlock v Thompson, 330 F3d 791, 797-798 (6th Cir. 2003)

IV.

The complaint alleges that Goldberg as "a Macomb county Assistant Prosecuting Attorney (who was) at all times relevant was assigned as the Macomb County Prosecutor's Office's designated asset forfeiture prosecutor" and that she "was the prosecutor involved in the unconstitutional taking of hundreds or thousands of dollars of personal and business property belonging to Plaintiff Waad…" (Doc. 1, Pg ID #5). Plaintiffs more specifically allege:

> On the date of May 20th, 2014, as a means of articulating the Agreement to return in excess of sixty (60) illegally seized vehicles to Plaintiff Maher Waad and his car rental company, Macomb County Assistant Prosecuting Attorney Defendant Dana Goldberg misrepresented to the Court the negotiated "out of court" agreement with Plaintiff Waad and **instead struck a vengeful secret deal with counsel for Plaintiff's finance company threatening "to take the vehicles again" if they returned the vehicles to the possession of Mr. Waad. This perjured representation offered by Prosecutor Goldberg was made on the record in a District Court hearing…**

(Doc. 1, Pg ID #14) (quotation marks and emphasis in original).

These allegations are clearly founded upon Goldberg's actions within the confines of her position as a prosecutor. Indeed, from the transcript of the state court proceedings it is clear that Goldberg was acting as a prosecutor during the time in which plaintiffs allege she acted wrongfully. The transcript in the matter of People v. Waad, no. W144117, on May 20, 2014 before the Honorable Dean J. Ausilio reads in relevant

part: "Ms. Goldberg: Good morning, Your Honor, Dana Goldberg on behalf of the People and representing the Macomb Auto Theft Square." In the balance of the hearing, Goldberg is defending the forfeiture of several items of plaintiffs' property which were seized pursuant to a search warrant. That plaintiffs disagree with Goldberg's argument does not diminish the fact that she was acting in her role as a prosecutor during the entire hearing.

Plaintiffs, however, contend that Goldberg is not entitled to immunity because her actions related to a civil forfeiture action not a criminal proceeding. This argument lacks merit. The Sixth Circuit has clearly held "that prosecutorial immunity extends to proceedings where the prosecutor institutes a civil forfeiture proceeding." Blakely v United States, 276 F.3d 853, 871 (6th Cir. 2002); Cooper v Parrish, 203 F.3d 937, 947 (6th Cir. 2002). The Sixth Circuit explained:

> Prosecutorial immunity extends to those activities that occur in the prosecutor's role as advocate for the government. If, however, the prosecutor is only serving in an investigatory capacity, i.e., activities normally performed by a detective or police officer such as searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested [he] is entitled only at most to qualified immunity. Plaintiffs argue in the instant case that Green and Reno's conduct was not covered by absolute immunity because they acted as mere custodians of property and were thus engaged in administrative conduct rather than advocacy. This argument is unavailing. The prosecutor's decision not to agree to vacate a civil forfeiture judgment, just as his decision to institute the forfeiture proceedings in the first instance, is in the nature of advocacy rather than administrative conduct, and is covered by the absolute immunity doctrine.

Blakely, supra at 871. (internal quotations and citations omitted).

Thus, the fact that Goldberg was the prosecutor in a civil forfeiture matter as opposed to a criminal matter is of no consequence. Goldberg is entitled to prosecutorial immunity. As such, the complaint does not allege a plausible claim for relief against

her.

## V. Conclusion

For the reasons stated above, Goldberg's motion is GRANTED. Plaintiffs' claims

against Goldberg are DISMISSED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: June 7, 2017
        Detroit, Michigan