UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAHER WAAD, an individual,
MARKS ONE CAR RENTAL, a
Michigan corporation, MARKS ONE
COLLISION, a Michigan corporation,

    Plaintiffs,

vs.                                                       Case No. 16-13362

SERGEANT DAN WILLIS, in his individual and    HON. AVERN COHN
official capacity, DETECTIVE DAVE KRISS, in his
individual and official capacity, LIEUTENANT MARK
OERMAN, in his individual and official capacity,
THE COUNTY OF MACOMB, jointly and severally,

    Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL (Doc. 66) WITH CONDITIONS
## AND
## DENYING WITHOUT PREJUDICE DEFENDANT KRISS' MOTION FOR SANCTIONS (Doc. 68)[1]

I.

This is a civil rights case. Plaintiffs Maher Waad, an individual, Marks One Car Rental and Marks One Collision, two companies owned by Waad, are suing defendants Macomb County Sergeant Dan Willis, Warren police officer Detective Dave Kriss, Macomb County Lieutenant Mark Oerman, and Macomb County, making claims under 42 U.S.C. § 1983.

---

[1] Upon review of the parties' papers, the Court deems these matters appropriate for decision without oral argument and, as to the motion for sanctions, appropriate for consideration without a response. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Before the Court is plaintiffs' motion to compel the deposition of Kriss or for sanctions (Doc. 66) and Kriss' motion for sanctions (Doc. 68). For the reasons that follow, plaintiffs' motion will be granted, subject to conditions outlined below. Kriss' motion will be denied without prejudice.

## II. Motion to Compel

Plaintiffs seek to depose Kriss, stating that they have learned after the close of discovery that Kriss has "personal knowledge that agents with the [FBI] were curiously present" during a 2014 raid on Waad's businesses. See Doc. 66 at p. 3. In response, Kriss' counsel says that (1) Kriss has already been deposed twice, (2) plaintiffs' counsel twice scheduled and twice cancelled a third deposition, and (3) plaintiffs' counsel has known about the FBI's involvement for years so there is no basis for a third deposition.

Although recognizing Kriss has been twice deposed, in order to assure a thorough vetting given the resources devoted to the case, plaintiffs' motion is GRANTED. However, plaintiffs' counsel is expressly on notice that if the deposition fails to reveal any new or different information, sanctions may be imposed against plaintiffs' counsel. Given that plaintiffs' counsel is as risk, plaintiffs shall have ten (10) days in which to decide whether they want to depose Kriss a third time.

## III. Motion for Sanctions

Kriss says that sanctions are warranted because plaintiffs have refused to dismiss their official capacity claim against him even though they have not identified a official policy or custom of the City of Warren, Kriss' employer, which has caused them constitutional injury. While this argument is more appropriate for a dispositive motion than a motion for sanctions, plaintiffs' counsel shall have ten (10) days to either

2

withdraw the official capacity claim or identify the basis for pursuing such a claim. Kriss' motion is therefore DENIED WITHOUT PREJUDICE.

    SO ORDERED.

                                                            S/Avern Cohn
                                                            AVERN COHN
                                                            UNITED STATES DISTRICT JUDGE

Dated: 5/2/2018
      Detroit, Michigan