UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAHER WAAD, an individual,
MARKS ONE CAR RENTAL, a
Michigan corporation, MARKS ONE
COLLISION, a Michigan corporation,

    Plaintiffs,

vs.                                                                                            Case No. 16-13362

SERGEANT DAN WILLIS, in his individual capacity,       HON. AVERN COHN
DETECTIVE DAVE KRISS, in his individual and
official capacity, LIEUTENANT MARK OERMAN,
THE COUNTY OF MACOMB, a municipality,
jointly and severally,

    Defendants.

_____/

## ORDER DENYING PLAINTIFFS' REQUEST FOR A WAIVER AND OBJECTIONS TO DEFENDANT'S BILL OF COSTS AND REQUEST FOR A STAY OF PROCEEDINGS PENDING APPEAL (Doc. 85)

I. Introduction

This is a civil rights case. Broadly stated, plaintiffs claimed that defendants have historically had a vendetta against Maher Waad (Waad) and his companies which led to a 2014 raid on Waad's companies and resulted in criminal charges against him that were later dismissed. Waad and the two companies owned by him, Marks One Car Rental and Marks One Collision, initially sued multiple individuals and entities, as follows: (1) Farmers Insurance Exchange (Farmers), (2) Allen Keller - an employee of Farmers, (3) Sergeant Dan Willis (Willis) - a Macomb County Sheriff, (4) Detective Dave Kriss (Kriss) - a Warren police officer, (5) Lieutenant Mark Oerman (Oerman) a Macomb County Deputy Sheriff, (6) Dana Goldberg - a Macomb County deputy prosecutor, (7) Macomb County, (8)

Macomb County Sheriff's Department, and (9) Michigan Auto Theft Authority.

Following various stipulations and motion practice, see Docs. 32, 33, 34, 37 the remaining defendants were: (1) Willis, in his individual capacity, (2) Kriss, in his official and individual capacity, (3) Oerman, in his individual capacity, and (4) Macomb County. The defendants then filed the following motions: (1) Macomb County's Motion for Summary Judgment (Doc. 55); Oerman and Willis' Motion for Summary Judgment (Doc. 56); Kriss' Motion for Summary Judgment (Doc. 72); and Kriss' Renewed Motion for Sanctions (Doc. 75).

The Court granted the motions for summary judgment and denied the motion for sanctions. (Doc. 81). A judgment then entered in favor of defendants. (Doc. 82). Kriss then submitted a bill of costs (Doc. 84) which the Clerk taxed in the amount of $3,329.69 (Doc. 85).

Before the Court is plaintiffs' paper styled "Plaintiffs' Request for a Waiver and Objections to Defendants' Bill of Costs and Request for a Stay of Proceedings Pending Appeal." (Doc. 85).[1] For the reasons that follow, the request is DENIED.

## II. Discussion

### A. The Taxed Costs Were Appropriate

As an initial matter, Fed. R. Civil P. 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1) The categories of recoverable costs are set forth in 28 U.S.C. § 1920 and in the Eastern District of Michigan's Bill of Costs Handbook. The costs requested by Kriss and awarded by the

---

[1]Plaintiffs have not filed a notice of appeal and the time for doing so appears to have elapsed. See Fed. R. App. P. 4(a)(1)(A).

Clerk - transcript fees - fall within the requisite categories.  In other words, the taxed costs were accurate and appropriate.

B.  Plaintiffs are Not Entitled to a Wavier of the Taxed Costs

Plaintiffs seek a waiver of the taxed costs.  In considering whether to waive taxed costs, a court looks to factors such as whether: 1) the costs are "unnecessary or unreasonably large;" 2) whether the prevailing party "unnecessarily prolong[ed] trial or inject[ed] unmeritorious issues;" and 3) if the case was "close and difficult."  White & White, Inc. v. Hosp. Supply Corp., 786 F.2d 728, 730 (internal quotations omitted).  Factors the trial court should not consider include "the size of a successful litigant's recovery, and the ability of the prevailing party to pay his or her own costs."  Id.  Moreover, the "good faith a losing party demonstrates in filing, prosecuting or defending an action" is an "insufficient basis for denying costs."  Id.

Here, plaintiffs says that the taxed costs should be waived because "the litigation raised serious questions that were not readily or necessarily properly resolved," that their own costs were significant, and that "[l]itigants should not be fearful of bringing legitimate claims and the imposition of costs without thoughtful consideration raises such fears."  (Doc. 85 at p. 2)  None of these asserted grounds are relevant and do not provide a reason to deviate from the presumption that costs should be assessed.  As such, plaintiffs' request to waive costs is denied.

C.  Plaintiffs are Not Entitled to a Reduction in the Taxed Costs

Plaintiffs also request that the Court waive or reduce some of the taxed costs incurred because the depositions were not relevant to Kriss' defense.  This argument lacks merit as each of the depositions were used in support of Kriss' motion for summary

judgment and referenced by the Court in its order granting summary judgment. Accordingly, plaintiffs are not entitled to a reduction in the amount of the taxed costs.

### D. Plaintiffs are Not Entitled to a Stay

Finally, plaintiffs request the Court stay the process of taxing costs until the appeal has been resolved or until the completion Sixth Circuit Court of Appeals's mediation process. Kriss says that the request for a stay pending appeal must be denied because (1) they have not appealed (see n. 1, supra) and (2) even if plaintiffs appealed, they have not posted – or offered to post – a supersedeas bond as required under Fed. R. Civ. P. 62(d). The Court agrees. There is no basis to grant a stay.

### E. Plaintiffs Will Not Be Sanctioned

Kriss requests that the Court sanction plaintiffs because (1) the motion is untimely and (2) is virtually identical to a motion filed in a related case against Farmers which the Court denied. See Doc. 292 in Case No. 13-14610. Putting aside whether the motion was timely filed,[2] the Court is disturbed by the fact that the current motion presents the same arguments, in some instances verbatim, as the motion in the Farmers case which were rejected. That said, the Court in its discretion declines to impose a sanction.

SO ORDERED.

S/Avern Cohn<br>
AVERN COHN<br>
UNITED STATES DISTRICT JUDGE

Dated: 2/6/2019
    Detroit, Michigan

---

[2] Costs were taxed on December 27, 2018. Plaintiffs had seven (7) days in which to object, or by January 3, 2019. The motion was filed on January 7, 2019.